UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   Criminal No. 13-10276-MLW |
| | ) |
| (1) MARGARET MATHES, | ) |
| (2) BOSEBA PRUM, | ) |
| (3) SAM PICH, and | ) |
| (4) THAWORN PROMKET, | ) |
|             Defendants. | ) |

## UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)

The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) in the above-captioned case, pursuant to 18 U.S.C. § 981, 28 U.S.C. § 2461(c), 31 U.S.C. § 5317(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Order of Forfeiture (Money Judgment) is submitted herewith. In support thereof, the United States sets forth the following:

1. On September 25, 2013, a federal grand jury sitting in the District of Massachusetts returned a forty-nine count Indictment charging defendants Margaret Mathes, Boseba Prum, Sam Pich, and Thawron Promket (the "Defendants"), with Conspiracy, in violation of 18 U.S.C. § 371 (Count One); Filing False Employment Tax Returns, in violation of 26 U.S.C. § 7206(1) (Counts Two through Eighteen); Aiding and Assisting the Filing of False Employment Tax Returns, in violation of 26 U.S.C. § 7206(2) (Counts Nineteen through Thirty-Five); Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Counts Thirty-Six through Forty-One); and Structuring Financial Transactions, in violation of 31 U.S.C. §§ 5324(a)(3) and

*Allowed*
*Wolf. DJ*
*March 23, 2015*

5324(d)(2), and 18 U.S.C.. § 2 (Counts Forty-Two through Forty-Nine).

2.      The Indictment contained Mail Fraud Forfeiture Allegations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States would seek the forfeiture, jointly and severally, and upon conviction of the Defendants of one or more of the offenses in violation of 18 U.S.C. § 1341, including any conspiracy to commit a violation of 18 U.S.C. § 1341, as charged in the Indictment, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of such offenses.

3.      The Indictment also contained Structuring Forfeiture Allegations, pursuant to 31 U.S.C. § 5317(c), which provided notice that the United States would seek the forfeiture, jointly and severally, and upon conviction of the Defendants of one or more of the offenses in violation of 31 U.S.C. § 5324, including conspiracy violate 31 U.S.C. § 5324, as charged in the Indictment, of all property, real or personal, involved in the offense and any property traceable thereto.

4.      The Forfeiture Allegations of the Indictment also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission of the Defendants, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of this Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and/or 31 U.S.C. § 5317(c)(1)(B), to seek forfeiture of all other property of the Defendants, up to the value of such property.

5.      On August 27, 2014, at a hearing pursuant to Rule 11 of the Federal Rules of

Criminal Procedure, the Defendants each pled guilty to the various Counts of the Indictment in which they were charged. During the plea hearing, the Court explained that the Defendants could possibly be ordered to forfeit money or property to the extent alleged in the Indictment, and the Defendants acknowledged the forfeiture authority of the United States and did not object.

6. On January 15, 2015, the United States filed a sentencing memorandum regarding the Defendants. *See* Docket No. 141. In the sentencing memorandum, the United States calculated the proceeds that the Defendants obtained based on the mail fraud offenses to be $880,545 in United States currency. In addition, the United States calculated the amount of currency used to facilitate the scheme based upon the structuring violations to be $16,931,496. *See* Docket No. 141, at 1.

7. Based upon the figures submitted in the United States sentencing memorandum concerning the proceeds obtained as a result of the mail fraud and the amount of currency used in the structuring violations, as well as the Defendants' guilty pleas and admissions at the plea hearing, the United States is entitled to an Order of Forfeiture (Money Judgment) against the Defendants, jointly and severally, in the amount of $17,812,041 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 31 U.S.C. § 5317(c).

8. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace. *See, e.g., United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense).

9. Once the Order of Forfeiture is entered, the United States may move at any time,

3

pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendants, having a value up to the amount of the money judgment. *See United States v. Saccoccia*, 564 F.3d 502, 506-507 (1st Cir. 2009) (once government has obtained money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

10. Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m) and 28 U.S.C. § 2461(c) (making Section 853 applicable to all criminal forfeiture cases); *see also United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

WHEREFORE, the United States requests that this Court:

(a) enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b) include the forfeiture, as set forth in the Order of Forfeiture (Money Judgment), in the oral pronouncement of each of the Defendants' sentences; and

(c)   incorporate the Order of Forfeiture (Money Judgment) in the criminal judgments entered against each of the Defendants, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney,

Date:

By:   /s/ Christopher R. Donato
ANDREW E. LELLING
DOREEN M. RACHAL
CHRISTOPHER R. DONATO, B.B.O. #628907
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
chris.donato@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing documents were filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date:

/s/ Christopher R. Donato
CHRISTOPHER R. DONATO
Assistant United States Attorney

5